1997 ND 126

In the Interest of J.C.S., a Child.

Damon ANDERSON, Assistant State's Attorney, Petitioner and Appellee,

v.

J.C.S., (Minor), Respondent and Appellant,

M.S., (Father), J.S., (Mother), Respondents.

Criminal No. 970004.

Supreme Court of North Dakota.

June 24, 1997.

Robin L. Olson (on brief), of Olson Law Office, Grand Forks, for respondent and appellant.

Damon E. Anderson (on brief), Assistant State's Attorney, Grand Forks, for petitioner and appellee.

MARING, Justice.

[¶ 1] Appellant, J.C.S., appeals a memorandum decision containing an order affirming the Juvenile Referee's recommendation finding J.C.S. a delinquent child for committing the offense of conspiracy to break into or concealment within a motor vehicle. We affirm the decision and order of the juvenile court.

[¶ 2] Sometime prior to 4:15 a.m. on December 17, 1995, J.C.S., a thirteen year old boy, and three other juvenile males took J.C.S.'s mother's 1986 Oldsmobile without permission and drove around Grand Forks. The four juveniles encountered a red Pontiac Trans Am parked near the 1700 block of South 42nd street. The boys stopped and two of them got out and approached the Trans Am, while J.C.S. and one other boy remained in the Oldsmobile. The two boys returned to the Oldsmobile with a set of keys and a CD remote control. The boys then drove to a convenience store to get gas, and returned to the Trans Am. Upon their return, all four boys exited the Oldsmobile and went over to the Trans Am. J.C.S. looked inside and then went off to urinate. He returned to his mother's car, and the other three boys soon joined him.

[¶ 3] At approximately 4:00 a.m., Officer Michael Ferguson was dispatched to the 2100 block of South 38th street in Grand Forks in response to a report of an accident or a car stuck in the snow. When Ferguson arrived at the site, he came upon the four boys and J.C.S.'s mother's car. J.C.S.'s mother was called to the scene and she verified that the boys did not have permission to use her car. Ferguson's investigation of the Trans Am revealed a broken side window and broken gauges. Ferguson discovered a radar detector in J.C.S.'s mother's car that was taken from the Trans Am, and J.C.S. later turned over to police seven cassette tapes and an emissions slip taken from the Trans Am. J.C.S. was later charged with committing the delinquent act of conspiracy to commit the crime of unlawful entry or concealment within a motor vehicle.

[¶ 4] J.C.S. appeals on the ground that there was not sufficient evidence that J.C.S. was an accomplice or co-conspirator to the crime of breaking into or concealment within a motor vehicle.

[¶ 5] This Court's review of a juvenile court's order is governed by N.D.C.C. § 27-20-56: "The appeal must be heard by the supreme court upon the files, records, and minutes or transcript of the evidence of the juvenile court, giving appreciable weight to the findings of the juvenile court." We re-

view the evidence independently, and are not limited to whether the findings of the juvenile court are clearly erroneous. *In Interest of A.E.*, 1997 ND 9, ¶ 3, 559 N.W.2d 215, 216.

[¶ 6] Both sides present lengthy arguments on the issue of whether J.C.S. was properly adjudicated as an accomplice. "Accomplice" was not one of the offenses alleged in the petition; it was not one of the offenses addressed in the referee's findings of fact, conclusions of law, and recommended disposition; nor was it addressed in the memorandum decision containing an order affirming the decision of the referee.

[¶ 7] The only mention of "accomplice" is during the June 21, 1996, adjudication hearing when the judicial referee asserted a defendant could be found guilty under the accomplice statute (N.D.C.C. § 12.1–03–01) even if the defendant was not charged with the offense. At the close of the June 21, 1996, hearing, counsel for J.C.S. asked the referee, "do you find him under the accomplice statute or the—" to which the referee replied, "Both."

[¶ 8] In *State v. Lind*, 322 N.W.2d 826 (N.D.1982) and again in *State v. Bonner*, 361 N.W.2d 605 (N.D.1985), this Court squarely addressed the issue of whether N.D.C.C. § 12.1–03–01(1), "Accomplices," automatically makes a co-conspirator an accomplice. We stated, "Section 12.1–03–01(1) does not automatically make a co-conspirator an accomplice to a crime committed in furtherance of the conspiracy. Further, we have no authority cited to us that a co-conspirator is synonymous with an accomplice.... The definition of 'accomplice' in Section 12.1–03–01(1)(a) and (b), specifies acts different from those set forth in the definition of 'criminal conspiracy' in Section 12.1–06–04(1)." *Lind*, 322 N.W.2d at 842. This Court has held, "[i]t is readily apparent from our discussion in *Lind* that the existence of a conspiracy or the defendant's status as a co-conspirator does not constitute an essential element to accomplice liability." *Bonner*, 361 N.W.2d at 609.

[¶ 9] The referee ultimately did not conclude J.C.S. was an "accomplice" in his recommendation, nor was such a conclusion reached in the memorandum decision and order affirming the referee's recommenda-

tion. We, therefore, analyze only the issue of whether there is sufficient evidence to prove J.C.S. committed the delinquent act of conspiracy to commit the crime of unlawful entry or concealment within a motor vehicle and we decline to address the issue of "accomplice" further.

[¶ 10] Conspiracy is defined by N.D.C.C. § 12.1–06–04(1) as follows:

A person commits conspiracy if he agrees with one or more persons to engage in or cause conduct which, in fact, constitutes an offense or offenses, and any one or more of such persons does an overt act to effect an objective of the conspiracy. The agreement need not be explicit, but may be implicit in the fact of collaboration or existence of other circumstances.

There are two elements under North Dakota's conspiracy statute which must be proved: the first is an agreement, and the second is an overt act in furtherance of the object of the conspiracy. *Lind*, 322 N.W.2d at 844. The agreement to commit the crime need not be explicit, but may be implicit in the existence of other supporting circumstances. *State v. McKinney*, 518 N.W.2d 696, 700 (N.D.1994).

[¶ 11] J.C.S. claims there is insufficient evidence to establish an agreement. We do not agree. J.C.S. provided access to his mother's car to transport all four boys. J.C.S. knew two of the boys broke into and stole property on their first trip to the Trans Am. Armed with this knowledge, J.C.S. still voluntarily returned a second time with the other boys to the Trans Am, walked over with them to the Trans Am and looked inside. He then waited in his mother's car for the other three boys to return. J.C.S. did not remove himself and his mother's car from the scene during the second trip to the Trans Am. These facts are sufficient to establish an implicit agreement.

[¶ 12] The second element of the conspiracy statute is the commission of an overt act, and the act itself need not be a crime. *Lind*, 322 N.W.2d at 844. The burden to prove an overt act is minimal, since nearly any act in furtherance of the agreed-upon crime will satisfy the requirement.

*Lind,* 322 N.W.2d at 845. The defendant need not commit the overt act himself. It is sufficient that one of the conspirators knowingly committed the act. *McKinney,* 518 N.W.2d at 700.

[¶ 13] J.C.S. provided the boys with access to his mother's car for the purposes of transporting them to and from the Trans Am. After the boys left the Trans Am the first time, J.C.S. did not leave with his mother's car, but instead returned to the Trans Am, walked to the car with the other three boys, and looked inside the Trans Am. After he went off to urinate, J.C.S. returned to his mother's car and waited for the other boys to return. He did not remove himself or his mother's car from the scene. He did not report the crime in progress or do anything else to stop its commission. Furthermore, J.C.S. had reason to know the other three boys were re-entering the Trans Am and stealing additional property. After the other boys returned, J.C.S. knowingly concealed the stolen property. Officer Ferguson found the Trans Am's radar detector in J.C.S.'s mother's car, and J.C.S. had seven cassette tapes and an emissions slip from the Trans Am at his home. These acts satisfy the "overt act" requirement of the statute.

[¶ 14] We conclude there is sufficient evidence to establish beyond a reasonable doubt J.C.S. committed the delinquent act of conspiracy to commit unlawful entry into or concealment within a motor vehicle.

[¶ 15] The order of the juvenile court is affirmed.

[¶ 16] VANDE WALLE, C.J., and MESCHKE, SANDSTROM, and NEUMANN, JJ., concur.